**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2024-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ELTEREKE DANIELS, a/k/a ELTEREKE
TYRELL DANIELS, ELTEREKE DANILES
and DANIELS T. ELETEREKE,

    Defendant-Appellant.

_____

Submitted March 27, 2017 — Decided June 7, 2017

Before Judges Haas and Currier.

On appeal from the Superior Court of New
Jersey, Law Division, Essex County, Indictment
No. 15-02-0409.

Joseph E. Krakora, Public Defender, attorney
for appellant (Brian P. Keenan, Assistant
Deputy Public Defender, of counsel and on the
brief).

Christopher S. Porrino, Attorney General,
attorney for respondent (Ian C. Kennedy,
Deputy Attorney General, of counsel and on the
brief).

PER CURIAM

Defendant Eltereke Daniels pleaded guilty to second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b), fourth-degree possession of a defaced firearm, N.J.S.A. 2C:39-3(d), and fourth-degree possession of hollow-nose bullets, N.J.S.A. 2C:39-3(f). He appeals from the denial of his motion to suppress evidence resulting from a warrantless search, arguing that the motion judge's credibility determinations were "fundamentally illogical" and "fatally flawed." Because there is sufficient evidence in the record to support the judge's ruling, we affirm.

We glean the following facts from the record developed at the suppression hearing. Officer David Cohen of the Essex County Sheriff's Office testified that on November 16, 2014, at 3:30 a.m., he and his partner conducted a motor vehicle stop of defendant's car after erratic movements of the car caused the officers to suspect that the driver was driving under the influence of alcohol. The officers asked defendant to step out of the vehicle to perform standard field sobriety tests. A woman and a child remained in the car.

To administer the test, Cohen stood between the rear of defendant's vehicle and the front of his patrol car while defendant walked towards him, followed by the other officer. Cohen testified that he scanned defendant's torso with a flashlight as he walked into position for the test. Based on his experience and training,

he observed the butt of a handgun protruding from defendant's waistband and a bulge just below, which he recognized as the remaining portion of the weapon. Because the officer did not want to alert defendant and risk creating a dangerous situation, Cohen allowed defendant to walk towards him, placed defendant into position for the sobriety test, and then quickly removed the weapon from defendant's waistband. Defendant was subsequently arrested. A search revealed two loaded magazines in defendant's pants pocket.

Defendant also testified at the hearing, wearing the clothes he had worn at the time of the traffic stop. He stated that after one sobriety test was completed, the officer swung at the left side of defendant's jacket with his hand and asked if he had anything on him. Defendant responded no, but the officer searched him anyway and found the gun on the right side of defendant's hip. Defendant testified that the gun was completely hidden under his untucked shirt and unzipped jacket.

In an oral decision rendered on November 6, 2015, Judge Martin G. Cronin noted that although defendant's testimony was fairly consistent with Cohen's, the testimony diverged significantly as to the physical location of the gun. In finding Cohen to be the more credible witness, the judge noted that defendant had lied to the officer when asked if he had anything on him. Judge Cronin found defendant's untruthfulness to Cohen to be a critical

determinant in his consideration of the witnesses' credibility. He stated: "the fact that as to the location of the gun or the existence of the gun, [defendant] previously lied [to Cohen], I view that as critical in making a determination that he lied [in court] as to the exact location of the gun on his body."

The judge concluded that the State had satisfied all of the requirements of the plain view exception and denied defendant's motion to suppress the weapon.

On appeal, defendant argues that Cohen's testimony was not credible because he omitted the fact that he had asked defendant whether he had anything on him. Defendant contends that if the officer had to ask this question, then he must not have seen the gun. Therefore, the plain view exception to a warrantless search was not satisfied.[1] We disagree.

---

[1] For the plain view exception to apply, the State must prove that

> (1) the officer was "lawfully in the viewing area," (2) the officer discovered the evidence "'inadvertently,' meaning that he did not know in advance where the evidence was located nor intend beforehand to seize it," and (3) it was "immediately apparent" that the items "were evidence of a crime, contraband, or otherwise subject to seizure."
>
> [State v. Earls, 214 N.J. 564, 592 (2013) (quoting State v. Mann, 203 N.J. 328, 341 (2010.)]

In reviewing a motion to suppress, we defer to the findings of fact and credibility determinations of the trial judge, recognizing that he or she has had an opportunity to "hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Elders, 192 N.J. 224, 244 (2007) (citing State v. Johnson, 42 N.J. 146, 161 (1964)). We will uphold the decision below so long as it is "supported by sufficient credible evidence" and not "so clearly mistaken 'that the interests of justice demand intervention and correction.'" State v. Scriven, 226 N.J. 20, 32-33 (2016) (citing Elders, supra, at 243-44).

"Our constitutional jurisprudence expresses a decided preference that government officials first secure a warrant before conducting a search of a home or a person." State v. Watts, 223 N.J. 503, 513 (2015) (citing State v. Edmonds, 211 N.J. 117, 129 (2012)). A warrantless search or seizure is presumptively invalid unless it falls within one of the well-delineated exceptions to the warrant requirement. State v. Bryant, 227 N.J. 60, 69-70 (2016) (citing Johnson, supra, 193 N.J. at 552). The State bears

---

In State v. Gonzales, 227 N.J. 77 (2016) the Supreme Court held prospectively "that an inadvertent discovery of contraband or evidence of a crime is no longer a predicate for a plain view seizure." Id. at 82. This suppression motion pre-dated Gonzales and therefore the element must be satisfied in this case.

the burden of proving by a preponderance of the evidence that a warrantless search or seizure is justified. State v. Cope, 224 N.J. 530, 546 (2016) (citing Edmonds, supra, 211 N.J. at 128.).

Contrary to defendant's argument, there is no evidence that Cohen omitted anything in his testimony. He was not asked by either counsel whether he had asked defendant if he had anything on him. Judge Cronin found Cohen's testimony more credible than defendant's version of events because of his admission that he had lied to the officer about carrying a weapon. The judge deemed defendant's dishonesty critical in his credibility determinations, and concluded that Cohen's testimony that the gun was located towards the "right front" of defendant's body such that "he could see the handle" was more believable. The judge stated:

> it was immediately apparent to [Officer Cohen]
> as a trained law enforcement officer that it
> was a gun. It was inadvertent within the
> meaning of a plain view exception because the
> initial . . . stop . . . [was] a D.W.I. stop
> . . . . All the requirements have been
> satisfied as to the plain view exception.

"[T]he appellate court must defer to the credibility determinations of the trial court between competing factual testimony." State v. Jefferson, 413 N.J. Super. 344, 349 (App. Div. 2010) (citing State v. Locurto, 157 N.J. 463, 474 (1999)). We are satisfied that the judge's denial of defendant's motion to

suppress is supported by sufficient credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION